[*]
Kirkpatrick, C. J.
When this question was first stirred, he inclined to think that certioraris came within the limitation clause respecting writs of error; but on a closer examination of the subject, finding that the restraint in question was not contained in the general act of limitations of suits, but was part of the act respecting writs of error, he was of a different opinion; and although that act might afford a rule in this court in the exercise of a discretion in the allow-of writs of certiorari, yet it ought not to affect this case; the writ being allowed and returned.
*217 Rossell, J.
Expressed his sentiments to the same effect, and nearly in the same words.
Pennington, J.
Had never entertained an opinion that eertioraris came within the restraining section in question; yet he was clearly of opinion, that there ought to be some limitations to eertioraris to courts for the trial of small causes; and that it would be proper for this court to adopt the restraining clause in the act respecting writs of error, in the exercise of a discretion vested in it in the allowance of writs of certiorari. His mind was prepared to assent to this rule, that no writ of certiorari to a court for the trial of small causes, should be allowed after the expiration of five years from the time judgment -was rendered, unless on application made in open court, on notice to the adverse party.
Rosseel, J.
Was willing to agree to such a general rule; but, on the suggestion of the Chief Justice, it was unanimously agreed to defer making the rule, in order to give time for the more deliberate consideration of the subject in vacation.
Rule refused.
The judgment of the justice, being admitted to be erroneous, was
Reversed.